United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK T. ROBINSON,<br>Plaintiff,<br>v.<br>UPSTART NETWORK, INC., et al.,<br>Defendants. | Case No. 26-cv-01764-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR CREDIT ACCESS**<br><br>Re: ECF No. 26, 46, 50 |

Before the Court are Defendant Upstart Network, Inc.'s ("Upstart") motion to dismiss, ECF No. 46, and Defendants TransUnion LLC and Monevo Inc.'s joint motion to dismiss, ECF No. 50. The Court will grant both motions. Also pending before the Court is Plaintiff Erik T. Robinson's motion for emergency access to his credit report. ECF No. 26. The Court will deny that motion.

## I. BACKGROUND

### A. Factual Background

TransUnion is a "Consumer Report Agency." ECF No. 41-1 ¶ 7. Robinson alleges that TransUnion does not require lenders to inform TransUnion of the lender's purpose for obtaining a credit report. *Id.* ¶ 24. As a result, TransUnion gives out credit reports to lenders when TransUnion knew or should have known the lender had no permissible purpose. *Id.* ¶¶ 24–25. Specifically, Robinson alleges that TransUnion sold the lender Defendants his credit report and that the lender Defendants used his credit report "in conjunction with Bait & Switch scams that use an offer of a personal loan as bait, switching it for debt-relief programs of dubious legality."

Monevo and Upstart are lenders. *Id.* ¶ 7. Robinson states that he never applied for a loan

United States District Court
Northern District of California

through any of the lender Defendants, and that he never received any offers of credit or adverse action notices from them. *Id.* ¶ 49. Robinson alleges that Upstart obtained his credit sixteen times. *Id.* ¶ 82; ECF No. 41-2 at 9. Three of the soft credit pulls made by Upstart were promotional inquiries, which are "the only report allowed when the consumer does not initiate the transaction. ECF No. 41 ¶ 30. All remaining credit pulls by the lender Defendants were account review inquiries. *Id.* ¶ 31. Account review inquiries "are only for use by existing creditors," and "are not for use by potential new creditors." *Id.* ¶ 31.

Robinson alleges that TransUnion sent Robinson a copy of his credit report. *Id.* ¶¶ 72. The credit report showed that Upstart did not list any purpose for obtaining Robinson's credit report. *Id.* ¶ 73. Monevo represented to TransUnion that it had written authorization even though Robinson had never applied for a loan with them. *Id.* ¶ 74.

### B. Procedural Background

Robinson filed the original complaint in pro per on March 2, 2026, alleging violations of the Fair Credit Reporting Act ("FCRA") and Equal Credit Opportunity Act ("ECOA") against Defendants Upstart, TransUnion, Monevo, Prosper Marketplace, Inc. and Webbank ("Prosper"), and Upgrade, Inc. ECF No. 1. On April 15, 2026, Robinson filed a motion for emergency access to his credit report. ECF No. 26. On May 21, 2026, Robinson filed an amended complaint removing Upgrade as a defendant. ECF No. 41.

On June 9, 2026, Upstart filed a motion to dismiss. ECF No. 46. TransUnion and Moveno filed a joint motion to dismiss on June 16, 2026. ECF No. 50. Robinson voluntarily dismissed his ECOA claims against Upstart and Monevo on October 20, 2026. ECF No. 92.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In so doing, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted).

## IV. DISCUSSION

As a preliminary matter, the Court addresses Robinson's assertions that as a pro se plaintiff, he need not meet the pleading standards set forth in *Twombly* and *Iqbal*. ECF No. 52 at 2–3. While "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the pleading standard outlined in *Twombly* applies to pro se complaints." *Smith v. Hansen*, No. 10-cv-01964, 2012 WL 13018380, at *2 (C.D. Cal. Dec. 19, 2012) (citing *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008)). Accordingly, Robinson's assertions that he need only satisfy the notice pleading requirement of *Conley v. Gibson* are incorrect. 355 U.S. 47, 48 (1957).

### A. Upstart

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Robinson alleges that Upstart violated FRCA's prohibition on third parties accessing consumer credit reports without a statutorily authorized purpose, i.e., a permissible purpose. 15 U.S.C. § 1681b(f)(1).

"To assert a claim against a party for requesting a consumer credit report without a

permissible purpose, a plaintiff must establish: (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report." *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017) (citing *VanDyke v. N. Leasing Sys., Inc.*, No. 07-cv-1877, 2009 WL 3320464, at *3 (E.D. Cal. 2009)). FRCA provides that a credit report may be disclosed "in connection with a transaction that is not initiated by the consumer" if "the transaction consists of a firm offer of credit or insurance." 15 U.S.C. § 1681b(c)(1).

Robinson alleges that three of Upstart's credit pulls were "Promotional Inquir[ies]" to "make a firm offer of credit." *Id.* (citing ECF No. 41 ¶ 30). Robinson's allegations must be taken as true at the motion to dismiss stage. *Knievel*, 393 F.3d at 1072. As the United States District Court for the District of Columbia held in a case adjudicating this exact dispute between Robinson and Upstart, Robinson's allegation that "three of Upstart's pulls were 'promotional inquiries' . . . concedes both the facts and the law that Upstart was pulling the report for the permissible purpose of making a firm offer of credit' . . . ." *Robinson v. Upstart Holdings, Inc.*, No. 1:24-CV-1998, 2025 WL 2761234, at *3 (D.D.C. Sept. 29, 2025) (emphasis added) (citing 15 U.S.C. § 1681b(c)(1)(B)(i)). Because a promotional inquiry is a statutorily permissible purpose, the Court finds that Robinson has not sufficiently alleged a FCRA violation as to these three pulls. § 1681b(c).

As to the remaining credit pulls by Upstart, Robinson asserts in his complaint that they were "Account Review Inquiries," eight of which were used in connection with sales pitches by companies that facilitate loans. ECF No. 41 ¶¶ 31, 52–63. Based on Robinson's allegations, the account review inquiries were used in connection with credit offers made by those companies. ECF No. 41-2. Therefore, the remaining credit pulls were made for use "in connection with a credit transaction involving the consumer," which is a permissible purpose. 18 U.S.C. § 1681(b)(3).

Robinson argues that Upstart's purpose was nevertheless improper for three reasons: (1) Upstart never sent him a credit offer, only other companies did, ECF No. 52 at 4; (2) the credit offers from other companies were not legitimate and were instead "Bait & Switch" scams, ECF

No. 52 at 5; and (3) Upstart failed to specify a permissible purpose in its requests to TransUnion for Robinson's credit report, *id.* The Court addresses each of Robinson's contentions in turn and finds that Robinson has failed to allege that Upstart lacked a permissible purpose.

First, Upstart's pulling Robinson's credit report in connection with another company making a credit offer is a permissible purpose. "Nothing in the statute—and certainly nothing Robinson points toward—suggests that the entity pulling the report must be the precise entity interacting with the consumer, if it is pulled for the proper purpose 'in connection with a credit transaction.'" *Robinson v. Upstart Holdings, Inc.*, No. 24-cv-1998, 2025 WL 2761234, at *3 (D.D.C. Sept. 29, 2025). Courts have routinely found that a lender need not have direct contact with the plaintiff in order for it to permissibly obtain a copy of a consumer report. *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 488 (9th Cir. 2019) ("1681b(a)(3)(A) allows a third-party to obtain a consumer's credit report without having a previous relationship with the consumer and without the consumer initiating the transaction."); *Pyle v. First Nat. Collection Bureau*, No. 12-cv-00288, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012); *Cash v. Credit Control, LLC*, No. 24-cv-08447-, 2025 WL 1356939, at *3 (C.D. Cal. Apr. 24, 2025).

Second, Robinson's allegation that the credit offers were not legitimate and were instead "Bait & Switch" scams, is conclusory and does not rise above the speculative level. *Twombly*, 550 U.S. at 555. Of the thirteen account review inquiries, Plaintiff alleges that eight of the inquiries were used in "sale pitches" connected with a firm offer of credit. ECF 41 ¶¶ 52–63. Robinson does not provide any reason that the remaining five credit pulls were for an impermissible purpose. "The only facts pleaded strongly suggest that these pulls, like all the others, were for "firm offer[s] of credit," which may be pulled without the consumer initiating any transaction at all." *Robinson*, 2025 WL 2761234, at *3.

Third, the omission of a permissible purpose from Upstart's requests is insufficient to allege that Upstart lacked a permissible purpose. *Makreas v. The Moore L. Grp., A.P.C.,* No. 11-cv-2406, 2011 WL 3047634, at *2 (N.D. Cal. July 25, 2011). ("[P]laintiff's conclusory allegation that Moore lacked a 'permissible purpose' . . . is insufficient to state a claim."). "[I]t is a stretch (and an implausible one at that) to state that the mere omission of the 'permissible purpose'

qualifier for Defendant's inquiries automatically means that those inquiries were impermissible." *Perez v. Portfolio Recovery Assocs., LLC*, No. 12-cv-1603 JAG, 2012 WL 5373448, at *3 (D.P.R. Oct. 30, 2012) (citing *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693, 696 (10th Cir. 1980)). Robinson provides no case law holding that the absence of permissible purpose on the credit report is sufficient to plead that the report was pulled for impermissible purposes.

In sum, the Court finds that Robinson has failed to plausibly allege that Upstart lacked a permissible purpose for any of its credit pulls. Accordingly, the Court will dismiss Robinson's FCRA claims for failure to state a claim.

**B. Monevo**

Robinson alleges that Monevo pulled his credit several times for "Account Review Inquiries" without a permissible purpose. ECF No. 41 ¶ 31. As with Upstart, Robinson's allegations show that these pulls were associated with account review inquiries or offers of credit. Thus, Robinson fails to adequately allege that the reports were for an impermissible purpose under § 1681(b). Accordingly, for the same reasons that the Court dismissed the FCRA claim against Upstart, the Court will dismiss the claim against Monevo.

**C. TransUnion**

**1. Section 1681(e).**

Section 1681e(a) of FRCA requires consumer reporting agencies to maintain reasonable procedures to avoid disclosure of credit reports for impermissible purposes. 15 U.S.C. § 1681e. Robinson alleges that TransUnion violated Section 1681e(a) because "fail[ed] to maintain proper procedures" and so "allowed parties to obtain credit reports for impermissible purposes." ECF No. 41 ¶ 87.

"A plaintiff bringing a claim that a reporting agency violated the reasonable procedures requirement of § 1681e must first show that the reporting agency released the report for an impermissible purpose under section 1681b." *Moreland v. CoreLogic SafeRent LLC*, No. 13-cv-470, 2014 WL 12783274, at *2 (C.D. Cal. May 12, 2014) (citation modified). "If a plaintiff can't show the report was released for an improper purpose, there is no basis to challenge the consumer reporting agency's preventative procedures." *Id.*; *see also Abbink v. Experian Info. Sols., Inc.*, No.

United States District Court
Northern District of California

19-cv-1257, 2019 WL 6838705, at *3 (C.D. Cal. Sept. 20, 2019) (similar).

Robinson has not plausibly alleged that TransUnion provided reports to any third-party with reason to believe that the reports would not be used for a proper purpose. To the contrary, as discussed with respect to Robinson's claims against Upstart and Monevo, Robinson's complaint alleges that Upstart and Monevo's credit reports were for account review inquiries or sales pitches related to firm offers of credit which are permissible purposes under § 1681b. Because Robinson has failed to allege that TransUnion has released his credit report for an improper purpose, the Court will dismiss the 1681e(a) claims against TransUnion.

**2. Section 1681g(a)**

Robinson alleges that "Transunion refused to provide the Plaintiff with the information requested pursuant to his rights under 15 U.S.C. § 1681g(a)(3)(A)." ECF No. 41 ¶ 89. Section 1681g(a)(3) requires a consumer reporting agency to, upon request, "clearly and accurately disclose to the consumer" upon request the "[i]dentification of each person (including each end-user identified under section 1681e(e)(1) of this title) that procured a consumer report" for purposes other than employment during the year preceding the request. 15 U.S.C. § 1681g(a)(3).

Robinson has not alleged that he ever made a request to TransUnion for identification of individuals to whom his consumer report was provided pursuant to Section 1681g(a). Thus, Robinson has not plausibly alleged that TransUnion failed to provide such information in response to a request. Accordingly, the Court will dismiss this for failure to state a claim.

While all three Defendants seek dismissal with prejudice, the Court will dismiss all the claims with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs").

**D. Motion for Access to Credit Report**

Robinson filed a motion asking the Court to restore his access to his TranUnion credit report. ECF No. 26. Robinson alleges that he could not access his account with TransUnion as of

April 8, 2026, which a chat with the service told him was due to a restriction on his account. *Id*. at 2. Robinson alleges that the restriction is intended to block him from accessing evidence that could be used at trial in this case. *Id*. Robinson provides no evidence that he has been blocked from his account and identifies no legal provision under which this Court can grant the requested relief. In any event, any evidence necessary to the case can be adduced through formal discovery. Granting "emergency access" to the credit report is neither an available nor a necessary remedy for the FCRA or ECOA violations alleged in this case.[1]

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motions to dismiss and deny Plaintiff's motion for credit access. Plaintiff may file an amended complaint within 21 days of this order solely to correct the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: October 21, 2026

JON S. TIGAR
United States District Judge

[1] Although Robinson has dismissed the ECOA claims against Upstart and Monevo, Robinson has not dismissed the ECOA claims against Prosper. ECF No. 92.